UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FLEET AND FARM OF GREEN BAY, INC.,

    Plaintiff,

v.    Case No. 13-C-1013

UNITED FIRE AND CASUALTY CO.,

    Defendant.

**ORDER**

This Court granted Plaintiff's motion for summary judgment, finding that an insurance policy issued by Defendant United Fire and Casualty Co. covered claims tendered by the Plaintiff in connection with an accident at Plaintiff's store. Having refused the defense, the United Fire is now responsible for the attorney's fees the Plaintiff incurred in providing its own defense. Plaintiff provided redacted copies of its legal bills (to protect privileged material) as support for its fee claim, but United Fire has moved to compel *un*redacted copies, arguing that it was unable to tell whether all of the fees sought were reasonably and necessarily incurred. The motion will be denied.

Plaintiff responds by asserting that United Fire's premise is largely flawed. United Fire assumes that it has a right to determine whether the fees sought were *reasonable,* which is why it wants more detail than the redacted copies supposedly allow. But since it refused to provide a defense that it owed, the insurer is in no position to nitpick the fees that its insured actually incurred. The Plaintiff argues that the fees actually incurred are the Plaintiff's damages, regardless of their reasonableness.

The Wisconsin Supreme Court has held that the breach of a duty of defense is a breach of contract, and thus the "insurer is guilty of a breach of contract which renders it liable to the insured for all damages that naturally flow from the breach. . . . Damages which naturally flow from an insurer's breach of its duty to defend include: (1) the amount of the judgment or settlement against the insured plus interest; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach." *Newhouse by Skow v. Citizens Sec. Mut. Ins. Co.,* 176 Wis. 2d 824, 837-38, 501 N.W.2d 1, 6 (Wis. 1993). Notably, the court did not modify attorney's fees with the adjective "reasonable," which suggests that a reasonableness inquiry is inappropriate. For its part, the Seventh Circuit expressed skepticism about an insurer's ability to question fees, noting that "the duty to defend would be significantly undermined if an insurance company could, by the facile expedient of hiring an audit firm to pick apart a law firm's billing, obtain an evidentiary hearing on how much of the insured's defense costs it had to reimburse." *Taco Bell Corp. v. Cont'l Cas. Co.,* 388 F.3d 1069, 1077 (7th Cir. 2004). *See also Emhart Indus. v. Home Ins. Co.,* 515 F.Supp.2d 228, 251 (D.R.I. 2007)(explaining that "[a]n insurer's ability to contest this proffer ... is somewhat diminished (although not entirely eradicated). For example, second guessing an insured's tactical decisions within the defensive sphere is generally precluded, and uncertainties in the nature and extent of an insured's legal representation are to be resolved against the breaching insurer. These nuances recognize that, by breaching its duty to defend, the insurer effectively ceded its 'right and duty' to control the manner and scope of the defense."); *Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.,* 904 F. Supp. 2d 592, 603-04 (N.D. Tex. 2012).

Having refused to provide a duty to defend, the insurer also gave up its right to control the

2

defense, as well as the "reasonableness" of its attendant costs. The Plaintiff is therefore correct that United Fire is not entitled to take a fine-toothed comb over its legal bills, which, after all, it paid in the normal course of business. That said, it is not as though courts must rubber-stamp all such fee requests. Inherent in the nature of damages—*any* damages—is a limited reasonableness component that derives in part from the injured party's duty to mitigate. For example, an insured cannot expend millions of dollars in fees in a hundred-thousand-dollar case and expect its bills to be paid without a peep from the insurer. The governing principle mandates that the damages awarded must "naturally flow from the breach." *Newhouse,* 176 Wis. 2d at 837-38, 501 N.W.2d at 6.

What this means is that an insurer in a situation like this has a very limited ability to challenge attorney's fees that were actually incurred. This, no doubt, is not only a nod to the fact that the insurer forfeited its right to control the defense, but also a recognition that fees incurred at arm's length in a free market are entitled to a certain level of deference that does not tolerate second-guessing. Here, at the time the fees were incurred—i.e., the underlying litigation and in this coverage action—the question of coverage was hardly so clear that the Plaintiff had any incentive to run up the bill or to proceed on the assumption that United Fire would later be on the hook for those fees. The fees were coming out of the Plaintiff's pocket, and like any similarly-situated party, it made judgments about value and quality. Allowing a secondary "reasonableness" inquiry (often years later) would add expense and squander judicial resources.

In sum, United Fire does not accept its limited ability to contest the fees. Instead, it states that it cannot tell, because of the redactions, whether the fees were "reasonable and necessary." (ECF No. 61 at 3.) But reasonableness is not the benchmark. Instead, the fees must merely flow naturally from (i.e., be caused by) the breach of the duty to defend, and that is a much more limited

3

inquiry. United Fire has not shown that it is unable to undertake that limited kind of inquiry based on the billing records already provided.

Accordingly, the motion to compel will be **DENIED**. The motion to file a reply brief is **GRANTED**.

**SO ORDERED** this 7th day of October, 2015.

                                                        /s William C. Griesbach
                                                       William C. Griesbach, Chief Judge
                                                       United States District Court

4

Case 1:13-cv-01013-WCG   Filed 10/07/15   Page 4 of 4   Document 77